17-1970 Eldon Johnson v. APJ Properties LLC Oral Argument, 15 minutes per side Mr. Kalinda for the appellate May it please the court and opposing counsel As the clerk just indicated, I am Dennis Kalinda And I'm here this morning representing Eldon Johnson The trustee of the family trust and the trust itself And I respectfully request to reserve five minutes for rebuttal Although I genuinely hope I won't need it or certainly won't use it at all That's fine and you may proceed The trial court in this case, your honors, made two rulings And only two The trial judge ruled, first of all, that the fact that The owner of lot 212, and that's how the parties have consistently referred to it Withheld, reserved, however you want to put it, any easement rights from that lot When it was merged with lot 304 Now there are some big substantive issues we're going to talk about But there's one that has to be stated first of all And that is everyone agrees 212 never had any easement rights So what's the possible significance of its owner withholding easement rights? Seems to be some kind of a suggestion that they did a great thing and voluntarily relinquished them They didn't have them to begin with and that's the problem in this particular case The other ruling that the trial court made was that The complaint filed by the trust never pled any additional use of the easement Well it did, and we'll talk about that in a moment But the key fact in this case is it didn't need to That followed necessarily the additional use that is from the merger of the two lots The underlying error in this case, not merely that those two rulings were wrong But that its predicate was wrong, is that the trial court either ignored or misapprehended What we say to be the law with regard to prescriptive easement certainly, if not all easements Is that you cannot add to a dominant estate which is the beneficiary of a prescriptive easement Additional land when that land is not itself a beneficiary of that easement If it was a separate piece of land that was the beneficiary of an identical easement Maybe you could do that, but when the added land isn't the beneficiary And there's no question that 212 was not a beneficiary, you can't You're saying that as a matter of law, once you add that parcel You've violated the easement, and it doesn't matter whether you use the easement to benefit that parcel Yes and no, to quote counsel before me Yes, adding the additional land that doesn't benefit from the easement is a violation of the easement But it's not quite correct to say that it doesn't matter that you aren't using it for the benefit Because once you merge the two, you are using it for the benefit An easement can't be separated, it belongs to this piece of land and that piece of land Not at least if there isn't a grant that says so, and by prescription you never get grants So that didn't happen So once the merger occurs, there is an improper use It's not an improper use of driving a truck across it or building a building that maybe can't be built But it is still burdening the servient estate with more than it was burdened with before the addition So are you saying that the provision that specifically excluded the new lot from the benefit of the easement I understand you're saying that, well, it wasn't doing any more than it had to do But are you saying it was a legal nullity? Because it's impossible to combine two pieces and limit the easement of the first piece to that parcel? I suppose under some set of circumstances, maybe, it could be different Although I can't envision what they are But the rule is that if you add land to a dominant estate, which land, doesn't have the benefit of the easement That's a violation of the easement by virtue of its addition Where are you getting that from? Well, we have cited at least three cases in our brief The Ellis case out of Virginia, the McLaughlin case out of Massachusetts And the Martin Drive case out of Connecticut, which say that They say that merely adding land to a dominant estate If that added land doesn't itself have easement protections, is improper And we don't see anything, I mean, the Ellis case says so in absolutely so many words It says the mere addition And then the Connecticut case says as well It doesn't say the addition of and use, it says the mere addition And in the McLaughlin case, likewise says the addition of Now it talks elsewhere about use, but addition and use are discussed as two different things Not as one inevitably being a part of the other The Michigan, the Shade of Wald case, never quite goes as far as saying that But it never says the contrary What happened in Shade of Wald was that people used the easement in exactly the way they used it before Not one way it's different, except when they left the property Left it by turning right rather than left or the other way around But while on the property and while on the easement, their behavior was exactly the same The court said, well that is a violation because you went to property that wasn't governed by the easement Although you didn't use the easement any differently APJ frankly says, Shade of Wald says, you can only, that only is the limitation there No, it didn't say that it only applies in that situation It said it's a violation if you go on to another piece of property that isn't covered It doesn't say there is no violation if you do something else It dealt with the situation before it, and that was the situation before it And that opinion also talks about, in distinct things, you can't add a burden or you can't change a burden And those are two very different things Now, let's go back to the beginning To start with the idea that they reserved, they withheld the easement And therefore that solves the problem No, that confirms the problem The problem is, is that 212 doesn't have any easement rights It didn't have any And so therefore the deed that says, well you don't have any Really was, Judge White, a nullity It accomplished nothing It didn't have an easement right It says we don't have an easement right Well the problem is, is it doesn't have an easement right Right, that's fine All it did was make clear that there's no intention or right to use the easement in any way But, take the simplest fact we have here All of the utilities, at least the electrical utilities, come to what's on 304 via 212 There's no room on 304 for transformers We pled that Right, but doesn't it come the other way Like to get to 212, you don't go over the easement Well, but to get to 304 and to use the 7047 added feet of building Which is all on 304 But it wouldn't be there Granted, this is a slightly unique twist in things, but that's how the law develops None of that would be there were it not for 212 212 is the only reason that that 7027 square feet satisfies, if it satisfies at all, the coverage requirements of the zoning ordinance But how does 212, how is 212 benefiting from the easement in doing that Because 212 is now part of 304 and the whole piece of property, including 212 Is 7027 square feet bigger than it could have been otherwise And the moment anyone walks into 304 If the lights are on, if the air conditioning is on, if the TV is on, if the internet is on If you flush the toilet, if you do any of that stuff You're using the transformer that sits on 212 But it didn't get on 212 You're using the transformer that sits on 212 But I don't, how is that burdening Or even using the easement Because we're talking It doesn't have to be that 212 itself uses the easement It is that the easement is used To gain access to property And does the access apply strictly to the dirt underneath And as long as you aren't walking on any dirt That you couldn't have walked on before you're within the easement Or the structure which is on the easement On the property, the reason the property is being used I think it's artificial to say that 304 is exactly what 304 would have been before Or it's irrelevant that 304 has now got a much bigger structure on it That can only be used if you have the benefit of 212 Because everyone who walks across that easement And enters 304 is taking advantage of what 212 provides Is it not therefore using 212 Is not the user of that easement using 212 If they're watching television, reading with the lights on Taking advantage of the air conditioning None of which would be functioning otherwise Are they not using 212 So the reality is, and I see my time is up So I don't want to go too much into rebuttal I'll simply say to say that We voluntarily withheld easement rights from 212 Doesn't solve the problem, it just acknowledges the problem And then for the court to say there was no You didn't plead any additional use Well, adding the 212 was the violation It could have been a worse violation But it was the violation And therefore there was additional use I just have one question before So is your understanding of the ruling that First of all, is this a dismissal with or without prejudice It doesn't say And considering that it found that there was no standing And it was ripe I've always assumed it has to be in a sense without prejudice We'll come back later on If you can shore these things up We don't think we need to do that But you can't say something isn't ripe And then say, by the way, I'm dismissing it when it becomes ripe Okay, thank you, counsel You have your full rebuttal Good morning May it please the court Jay Vandy Weingart on behalf of the Appellee APJ Properties Can you keep your voice up, please? Absolutely Thank you, your honor On behalf of the Appellee We respectfully argue that the district court's order at issue That dismissed the plaintiff's two count Easement overburdening claim and trespass claim Was correct And it was correct for several reasons First, as opposing counsel mentioned The deed that consolidated the two properties at issue 304 and 212 East Dixon Expressly reserved any easement rights to the property Formally known as 212 East Dixon That property did not possess easement rights before the consolidation That property doesn't possess easement rights today The consolidation of those two properties Had no bearing whatsoever on the easement It simply consolidated the properties Without giving easement rights to the 212 property Well, that would be I mean, I understand what you're saying But the mere fact that it says that in the deed Wouldn't dispose of the case if in fact it was being used I agree with that So that's a separate count That basically the mere joining Violated the easement I agree If somebody was using the easement To access the former 212 property That would be a different situation But that's not this lawsuit The plaintiffs allege that the consolidation in and of itself Constituted an overburdening of the easement You know, it's a very interesting situation Because you It's almost like a law school exam You're positing that no one is going I mean, are you saying that no one will be walking From the house onto that other property? That's correct That access to the house via the easement If somebody came in the front door of the house Without accessing the 304 property via the easement Then they could So if they came in the front door off of Dixon Entered the house And then went to the 212 property Without ever coming or going via the easement I think that would be okay So there is a front door to the 304 property on Dixon? Correct That's the main entrance And Dixon sits on a bluff above Round Lake So you only use the easement for lake purposes? Primarily There is some grass down there And people come to cut the grass And to access the boats So it's not being used very frequently at all The plaintiff's property Also has a front door on East Dixon And spans all the way to Round Lake The 304 property does the same thing The 212 property just sits up on this bluff So it would be almost virtually impossible To use the easement without going in the house Somebody would have to climb up a bluff Climb over a fence And then access the 212 property Difficult to do But I agree I think even if the deed Did not expressly state That the 212 property lacked easement rights Wasn't being provided easement rights Even if it didn't say that I think we'd still be okay So long as there is no use of the easement To access that property And I believe that to be true Because the Shadwell Brule case Tells us that's true In that case, the Brule's Owned a piece of property Adjacent to the Shadwell's That had an easement over their property They purchased a piece of property Adjacent to theirs Court didn't have a problem with that They wanted to build a garage on that Newly acquired piece of property That did not have easement rights They consolidated their two parcels Their deed didn't say At least the case law doesn't say Their deed says that this new property Did not have easement rights But the court didn't have a problem with them Consolidating the properties The court had a problem with them Driving down that easement To access that new property That garage that didn't have easement rights That's not the issue here Nobody is accessing the 212 property Via the easement But Shadwell confirms That consolidating the properties Isn't a problem Even building on the property That didn't have easement rights Wasn't a problem according to Shadwell Because the court said The Brule's, this is a rough ruling for you But you're not without remedies You could buy property that goes All the way to the main road So you could access your property That is now consolidated And has a garage on it Without going up and down the easement Which in turn Defeats, I believe, the plaintiff's argument That because there is a transformer On this 212 property I would argue, so what? The transformer wasn't placed there Via the easement Nobody used the easement To get the transformer there The transformer won't be serviced By people going up and down the easement Because it's up here And the easement's down here And there are no wires That go over the easement And there are no wires Going over the easement, Your Honor Then on the rightness issue The plaintiff's claim Did assert future hypothetical things That may happen in the future I heard your question to him about So there are two issues One is joining it as a matter of law Overburden the easement Or void it or whatever And then the second question would be I think So now they say, well Because of this new property They were able to build a much larger house And that will overburden the easement So that is That would be a viable claim, right? If they showed it Right? That if somehow the character of the easement Was changed by the fact that now they can have 40 people at a time in their house That they couldn't before No Only if those 40 additional people Access the house via the easement And would not have done so before A bigger house doesn't mean more A heavier burden on the easement The house could be 10 times the size it is If everybody comes and goes via the front door That has no bearing whatsoever on it Right, they'd have to show That the use of the easement Substantially increased in all the rest of it That's correct, Your Honor I can't I'm sorry, that's correct, Your Honor Okay, and that The judge left that open Right? No, the judge Dismissed the Both the easement overburdening claim And the trespass claim On the basis that the That the merging of the properties Does not constitute an overburdening And the judge dismissed The remainders of the claims On a ripeness basis Saying that those things have not been Even alleged as of yet Okay, but that's what I mean When I say left it open Yeah, so I heard your question before About dismissal with prejudice or without It Opposing counsel is absolutely correct Didn't say My intuition would tell me That the ripeness issue Almost necessarily would have Had to have been without prejudice The other issue with prejudice Unless you have another And what do you say about these out-of-state cases? The out-of-state cases I would argue do not apply here The Michigan case law on easements Is well-developed An overburdening of easements  The Shadwell case tells us That consolidating two properties in Michigan Is not a problem The three cases that plaintiff cite to May have statements that state That adding additional property Overburdens a piece of property But the Ellis case, for instance After it makes that statement It cites two other cases That speak to the use of the easement Same thing with the Wisconsin case That the plaintiff cite to It speaks to the use of the easement Which is the issue An easement becomes overburdened If its use is materially increased So I don't think those cases Are at all controlling And frankly there's cases going the other way There's a case from I believe it's Connecticut That says adding additional property Does not overburden an easement As a matter of law So I think those cases Have no bearing whatsoever On Michigan law But to be clear Michigan does not Require overburdening If you are using the easement To benefit that parcel Doesn't matter how slight Right? Because that is the Shadwell case You're just saying We're not doing that Correct If one were using the easement To access 212 That would be a different case Than we have today Yes Unless anybody has Any other further questions We will rest on our briefs Okay Thank you Thank you Your honors Let me start in response By dealing with The response to your question You know Judge White That why don't these other State law cases apply And as we said There's absolutely nothing Inconsistent with them in Michigan Property law is property law It's probably the oldest body of law We have The most uniform and consistent Around the country And there's nothing to suggest That Michigan law Regarding prescriptive easements Is different than Any of these other states And remember The limitation on adding property Is in prescriptive easement cases For the reason that Prescriptive easement cases Amount to the confiscation of property Without any compensation If in a grant you want to do it Go ahead You can do anything you want When you're doing it voluntarily But when it's involuntary Things are going to be Carefully eliminated So he said There's no inconsistency Between those cases in Michigan And the Michigan Supreme Court says Well when we haven't Dealt with it precisely Go elsewhere and look Well we've gone elsewhere And we found And whatever you want to say Alice in these cases say The mere addition Not the addition Which maybe could be Seen as imprecise And include the addition in use The mere addition And then as you point out Judge White In Michigan It doesn't have to be A significant burden An additional burden Is a burden period So we've got that Then counsel says Well there's this Connecticut case To the contrary He says There are contrary cases You'll notice His brief doesn't cite one of them If there are any And frankly Our brief would have Acknowledged them If there were any Because we'd have to do it And we did in one regard We said Connecticut has a rule That on the first glance Seems to be the contrary But then Connecticut Subsequently said But not in cases Of prescriptive easements Or in cases When there is no indication That the parties meant For this to happen Well there is no intent To look at In prescriptive easements In grant cases yes But not in prescriptive easement cases So the Connecticut case said Yes And then it says But not always And not in this particular case So we haven't seen one case From elsewhere That says The cases we've cited are wrong We've got Michigan That doesn't say to the contrary And kind of says consistently It just hasn't had to deal With this particular problem Schadewald didn't say no It simply says Here's what we're dealing with We'll resolve it And like a good court They didn't resolve more Do any of the cases That you cited Deal with a situation Where the new parcel Makes no use of the easement They don't say that I mean they just talk about The mere addition And in the one case It wasn't so much The addition of a parcel The Ellis case said Look the problem here is The description of the dominant estate Is not precise enough For us to know What's included And what's not included And because the rule is That you can't add Without violating A prescriptive easement property To the dominant estate We've got to know What the dominant estate is So there was nothing whatsoever In that case That suggested There had to be a use Or there was some limitation It was a statement In the purest possible form Because that simply Was not an issue And if I could point out There's a good reason for this A dominant estate Gets to use The servient estate's land It has an added benefit It has something It didn't have before The right to use Somebody else's land Necessarily The servient estate Has lost something It now uses its land Subject to somebody else's use And so that has to be Carefully circumscribed And when you add So when you add property To a dominant estate You are now Putting on a heavier burden A bigger burden Whatever you want to call it It's a different More extensive burden Than it was before And that is by definition A violation Of a prescriptive easement At least And I would conclude With the observation We've heard a variety of comments here In response to questions And volunteered About what's going on here Has this happened Has that happened Let's remember the status Of this case We pled the case We pled it We believe Compatibly with the law And they filed a motion Before there was any further Development of the case And are now trying to say Well nobody did this And they'd have to prove this And they'd have to prove that We aren't far enough along To have done that Nobody's been given an opportunity The question is Is there a prospect A decent credible prospect That as this case develops It will be demonstrated That there was in fact An improper addition We think that occurs By virtue of having added the property But if you're going to look at Who walks across the land And whatever Well you know Let's We find out I mean I can stand here and say Because I've been told Just like counsel's been told There was parties on the land With 200 people Who came across the easement They didn't come in off of Dixon They came across the easement Is that utterly unrelated To the 7,000 square feet Of more space for people to live But you didn't plead anything like that Or else I missed it No When we When we pled this case They had just gotten the permit And were going to build So we had to talk about This will happen We said inevitably Adding all of this extra property use Will bring along more people We were very cognizant of the fact Your honor That one of the earlier cases In this series of cases Was dismissed Because the Johnson Trust Had waited too long Well within the statute of limitations But they got slapped With the doctrine of latches You should have brought this sooner Although everyone knew What the problem was The suit just wasn't filed fast enough So now do we have to say Well now you're saying You did it too soon You got to wait a while Well then what happens Do we later on find out We waited too long They got They applied for permission To add all this property History says They were clearly going to do What they said they were going to do They've always done it before They got permission to do it So we said fine To avoid latches Let's sue And we allege Adding the property Is a violation in and of itself And second You don't add 7,000 square feet Of indoor space And outdoor space Not just yard But patios And garages And whatever else To property If you're not going to use them We alleged What we could allege We can't allege Something that had happened That hadn't happened yet But it certainly looked like It was going to happen And Reifens doesn't prove That it have happened It simply proves That there are You've got circumstances Where there is a Very substantial likelihood That it will happen But when you started the suit Had they already built They had not built The additions They had They started with a boathouse It was a little cottage And a boathouse Then they built a big house And they merged the two together That was 20,000 Square feet Then they went back to the city And said We want to add 7,000 more We fought that The city said Go ahead You can build the 7,000 more And rather than risk latches We sued them at that point Saying well you said You were going to do it You got the permits to do it You got the permission to do it If you do it It's going to cause these problems That's this suit That's this suit And I would simply point out I don't know how significant it is Yes there is an entrance Off of Dixon But this easement Across the property Has regularly been used And increasingly been used To get to this property And this is now one big structure The boathouse and the house Are together You walk in through the boathouse You go to the house There's a vestibule between the two You can walk in And turn right Go to the house Turn left Go to the boathouse Entry off of the easement Is to the entire structure And anyone who enters that structure To go to a party Or whatever else It's certainly likely enough That a claim of damages is appropriate To go on to the other Seven thousand square feet It's like saying I've got cancer And this is going to happen To me in a while But it hasn't happened to me yet But you caused the cancer So I sue you No you can't sue about that Because it hasn't happened yet Enough has happened To justify the genuine fear That violations of the easement Will occur As well as the fact That in addition The cases we've cited Say that's a problem And there's absolutely nothing To the contrary Shadowall doesn't say otherwise None of the other cases say otherwise None Thank you Mr. Colenda Okay We appreciate your arguments this morning The case will be submitted And you may adjourn court